UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeffrey Rahim Colberth, #244635,<br><br>                Petitioner,<br><br>vs.<br><br>Warden Leroy Cartledge,<br><br>                Respondent. | ) C/A No.: 9:12-1708-JFA-BM<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>) |

Petitioner, a state prisoner proceeding *pro se*, files this matter pursuant to 28 U.S.C. § 2254. Petitioner is confined at the McCormick Correctional Institution, a facility run by the South Carolina Department of Corrections.

In this matter, petitioner raises two grounds. First, that he is being held unlawfully due to a flawed indictment that does not list the proper elements of the charge against him. In support of this claim, Petitioner alleges that his indictment states that he killed someone between the dates of October 25th, 26th, and 27th during 2001 in Berkeley County by means of blunt force trauma to the head. Petitioner complains that the indictment fails to list the time of the assault, the place, or the time of death, which he maintains are elements of the charge of murder. Petitioner alleges he addressed this issue in a direct appeal, and also in two post-conviction relief proceedings filed in 2004 and 2010.

For a second ground, Petitioner claims he has newly discovered evidence to support his



1

release. According to the Petition, "the officer who served, executed, and proceeded over" his case was also a witness who "signed off on" his indictment at the Petitioner's grand jury proceedings. Petitioner alleges this is a violation of his Constitutional rights. Petitioner asks that he be given the lesser included offense of the charge imposed, such as involuntary manslaughter, or released from prison "without conviction."

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition, pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996 and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Additionally, this court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even when considered under this less stringent standard, however, the undersigned concludes that the *pro se* petition is subject to summary dismissal. These statutes, precedents, and the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Petitioner has previously challenged this same conviction and sentence in this Court. *See Colberth v. Warden Perry Correctional Institution*, Civil Action No.:9:09-1621-JFA-BM. This Court may take judicial notice of its own files and records. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d

2

1236, 1239 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). Summary judgment for the respondents was granted in the petitioner's prior § 2254 case. As a result, the § 2254 petition in the above-captioned case is subject to dismissal under Rule 9 of the Section 2254 Rules. *Miller v. Bordenkircher*, 764 F.2d 245, 248-250 & nn. 3-5 (4th Cir. 1985). *See also McClesky v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 1467-1472 (1991); Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996, Public Law 104-132, 110 U.S.Stat. 1214; and *Bennett v. Angelone*, 92 F.3d 1336, 1343 (4th Cir. 1996).

Furthermore, there is no indication that the petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the § 2254 petition in the above-captioned case. Leave from the United States Court of Appeals for the Fourth Circuit is required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive or second § 2254 petitions. Therefore, before the petitioner attempts to file another petition in the United States District Court for the District of South Carolina, he must seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit to do so.[1]

## RECOMMENDATION

Accordingly, it is recommended that the § 2254 petition in the above-captioned case be dismissed *without prejudice* as a successive § 2254 petition under Rule 9 of the Section 2254 Rules, *without requiring the respondents to file a return. See Erline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006)(in both habeas corpus and *in forma pauperis* proceedings district courts are charged with the duty of independently screening initial filings, and dismissing those actions that plainly lack

---

[1]The petitioner can obtain the necessary forms for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit in Richmond, Virginia.



merit); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

_____
Bristow Marchant
United States Magistrate Judge

July 19, 2012
Charleston, South Carolina

**_The petitioner's attention is directed to the important NOTICE on the next page._**

4



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



5