UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeffrey Rahim Colberth, ) | C/A No. 9:12-1708-JFA-BM |
| ) | |
| Petitioner, ) | |
| v.   ) | ORDER |
| ) | |
| Warden Leroy Cartledge, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The *pro se* petitioner, Jeffrey Rahim Colberth, brings this action pursuant to 28 U.S.C. § 2254 challenging his 2002 conviction for murder and his sentence to life imprisonment.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he opines that the petition is successive and that the petitioner has not received permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition. The Magistrate Judge recommends dismissal of the action without prejudice. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on July 20, 2012. Petitioner filed timely

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

objections wherein he essentially raises the same arguments contained in his original petition. As such, the objections are overruled.

Petitioner's first § 2254 petition filed in this federal district court in 2009 challenged his same conviction and sentence. *See Colberth v. Warden, Perry Correctional Institution*, C/A No. 9:09-1621-JFA-BM. As the petitioner has not received permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition, this court is without authority to entertain it. 28 U.S.C. § 2244 and *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.")

After a careful review of the record, the applicable law, the Report and Recommendation, and the petitioner's objections thereto, the court finds the Magistrate Judge's recommendation proper and incorporated herein by reference. Accordingly, this successive action is dismissed without prejudice and without issuance and service of process.

It is further ordered that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001).

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

August 31, 2012
Columbia, South Carolina

3